O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   **(In Chambers) Order Remanding Case to State Court**

Before the Court is Plaintiff Delores Lewis's motion to remand this action to state court. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.   Background

On December 9, 2009, Plaintiff Delores Lewis ("Plaintiff") filed this class action in Los Angeles County Superior Court. On February 23, 2010, Plaintiff filed a first amended complaint ("FAC"), which names as defendants Verizon Communications Inc. ("VCI") and Enhanced Services Billing Inc. ("ESBI") and alleges that these companies have a practice of charging telephone subscribers for products and services without the subscribers' authorization.

More specifically, Plaintiff alleges that ESBI is a billing processor, or "aggregator," for a variety of telephone-related services offered by third-party vendors. These services, known as "premium content," include such services as weather and traffic reports, sports scores, and stock tips. ESBI allegedly bills customers for this premium content through local landline telephone providers like Defendant Verizon California Inc. ("Verizon").[1] Plaintiff claims that Verizon and

---

[1] On April 27, 2010, Plaintiff filed a second amended complaint ("SAC") to substitute Defendant Verizon for Defendant VCI. Except where it would make a material difference, the Court will refer to ESBI, Verizon, and VCI collectively and interchangeably as "Defendants."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

ESBI have a practice of billing landline telephone service subscribers for premium content without the subscribers' authorization.

Based on these allegations, Plaintiff asserts claims for 1) violation of California Public Utilities Code § 2890, 2) violations of California's unfair competition law (Cal. Bus. & Prof. Code § 17200), 3) unjust enrichment, 4) breach of contract, and 5) tortious interference with contract. Plaintiff seeks to represent two classes on these claims. The first class is defined in relevant part as

> all telephone subscribers in the state of California who suffered losses or damages as a result of ESBI billing for premium content products and services not authorized by the subscriber.

*See FAC* ¶ 29; *SAC* ¶ 29. The second, or "subclass," is defined as

> all Verizon landline telephone subscribers in the state of California who suffered losses or damages as a result of ESBI billing for premium content products and services not authorized by the subscriber.

*See id.*

On March 30, 2010, VCI removed the action to this Court on federal diversity jurisdiction grounds under the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1332(d), 1453) ("CAFA"). On April 29, 2010, Plaintiff filed this motion to remand the action to state court, on the grounds that Defendants have failed to carry their burden of demonstrating that CAFA's amount-in-controversy requirement is met here.

II. Legal Standard

Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $ 5,000,000, exclusive of interest and cost, and is a class action [with minimal diversity]." *See* 28 U.S.C. § 1332(d)(2). "[U]nder § 1332(d)(6), the claims of class members are aggregated to determine whether the amount in controversy exceeds $ 5,000,000." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006). When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant must establish by a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

preponderance of the evidence that the amount in controversy exceeds $ 5 million. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). Moreover, when remand is requested on the basis of a failure to satisfy the amount-in-controversy requirement, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

III.   Discussion

Plaintiff contends that this action should be remanded because Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million. The Court agrees.

While Plaintiff has not alleged a particular amount in controversy, the Notice of Removal contends that this case meets CAFA's $5 million amount-in-controversy requirement. The only evidence offered in support of that contention, however, is the declaration of Paul E. Glover, which states:

> I have reviewed Verizon's records for charges billed by Verizon on behalf of ESBI to landline telephone subscribers in California from March 1, 2006 to the present. The records show that these subscribers were billed more than $5,000,000, exclusive of fees and interest, from March 1, 2006 until the present for ESBI charges. The records also show that the number of Verizon landline subscribers in California that were billed for ESBI charges during this period exceeds 100.

*See Glover Decl.* ¶ 4. Notably, this evidence indicates only that the amount of *all* premium content charges passed along from ESBI to Verizon landline telephone subscribers for the relevant period exceeds $5 million.[2]

As Plaintiff notes, however, she and the proposed class members do not seek recovery of *all* ESBI premium content charges billed to subscribers, but only those amounts that were billed *without the subscribers' authorization. See SAC* ¶ 29 (defining the classes Plaintiff seeks to represent in terms of those subscribers who were billed for services they did not authorize). The

---

[2] While the Notice of Removal also cites the cost of requested injunctive relief and attorneys' fees as contributing to the jurisdictional amount in controversy, *see Notice of Removal* ¶¶ 19-20, there are no estimates or evidence before the Court regarding those figures.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

aggregate of those latter amounts is the amount in controversy here. *See* 28 U.S.C. § 1332(d)(6); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d. 446, 449 (7th Cir. 2005) (equating the amount in controversy with "what the plaintiff is claiming"). And as there is no evidence before the Court concerning the amount of premium content charges billed to subscribers' without their authorization, the amount in controversy in this case is still a matter of pure speculation. The Court cannot base jurisdiction on such speculation. *See Lowdermilk v. United States Bank Nat'l Assoc.,* 479 F.3d 994, 1002 (9th Cir. 2007). Indeed, under these same circumstances, a number of district courts in this circuit have recently reached the same conclusion. *See, e.g., Guerro v. Mobilefunster, Inc.,* 2009 WL 195918, at *1 (N.D. Cal. Jan. 26, 2009) ("Plaintiff's claim includes charges for unauthorized services, not all amounts . . . billed and collected . . . . To conclude that more than $5 million is in controversy, the court would have to speculate as to the size of the class and the average amount of recovery for each class member, or simply guess at how much . . . revenue is relevant to the action. Such speculation is an insufficient basis for the assertion of subject matter jurisdiction.").[3]

Verizon argues that it is not required to prove what portion of its charges for premium content was unauthorized in order to meet CAFA's amount-in-controversy requirement. According to Verizon, Plaintiff's claims "put 'in controversy' the propriety of all premium content charges billed by Defendants because they are based on Defendants' alleged billing practices common to all class members." *See Opp.* 7:8-11. "In these circumstances," Verizon contends, "CAFA jurisdiction does not depend on proof of what portion of the charges are unauthorized." *See id.* at 7:15-17.

Verizon looks principally to two cases for support: *Spivey v. Vertue, Inc.,* 528 F.3d 982 (7th Cir. 2008), and *Strawn v. AT&T Mobility LLC,* 530 F.3d 293 (4th Cir. 2008). In *Spivey*, when considering whether the amount-in-controversy requirement was met for a case removed under CAFA, the Seventh Circuit held that the plaintiff's claims on behalf of customers whose credit cards were allegedly billed for unauthorized charges by a marketing company put in controversy the propriety of all the marketer's charges. *See Spivey,* 528 F.3d at 985-86.

---

[3] *See also Wallace v. Universal Music Group, Inc.,* 2008 U.S. Dist. LEXIS 108859, at *3 (C.D. Cal. Sept. 5, 2008); *Coren v. Mobile Entm't, Inc,* 2009 U.S. Dist. LEXIS 41519, at *5-7 (N.D. Cal. March 19, 2009); *Amezcua v. Cellco P'ship*, 2009 WL 1190553, at *2 (N.D. Cal. May 4, 2009); *Aldrich v. Business to Business Online, Inc.,* CV 09-01352 DOC (MLGx) (C.D. Cal. Feb. 12, 2010) Dkt # 28.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#17
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

Whereas the district court apparently viewed the amount in controversy as limited to the unauthorized charges, the Seventh Circuit explained that "[a] removing defendant need not confess liability in order to show that the controversy exceeds the threshold." *See id.* at 986 (internal quotations omitted).

In *Strawn*, the Fourth Circuit found that CAFA's jurisdictional amount was satisfied where the complaint alleged that AT&T had a "deceptive practice of 'bundling' [a] Roadside Assistance service with new cellular telephone service, such that all customers were automatically enrolled in a free trial period and then charged $2.99 per month at the end of the period if they did not opt out," *see Strawn,* 530 F.3d at 298-99 (emphasis omitted), and where undisputed evidence indicated that approximately 58,800 customers had remained enrolled in the program beyond the free trial period, s*ee id.* at 299. The Fourth Circuit concluded that the district court, which had remanded the case for failure to satisfy CAFA's jurisdictional amount, erred when it interpreted the complaint as alleging a class of customers who had remained in the program beyond the free trial period "unwillingly"—a class whose size the removing defendant was unable to estimate. *See id.* at 298-99.

As an initial matter, of course, neither *Spivey* nor *Strawn* is binding authority on this Court, and the Court notes that neither case has been relied upon by a district court in this circuit. In fact, while the Court's research indicates that no district court in this circuit has cited to *Strawn*, at least three district court decisions in this circuit have expressly considered *Spivey* and declined to follow it. *See Amezcua,* 2009 WL 1190553, at *2; *Bates v. Sendme, Inc.,* 2009 WL 942342, at *2-3 (N.D. Cal. April 6, 2009); *Coren,* 2009 WL 764883, at *4-5. This Court finds the reasoning of its sister courts to be persuasive: Plaintiff's claims have put in controversy an amount that is still a matter of pure speculation, which will not support jurisdiction. *See Lowdermilk,* 479 F.3d at 1002. As for *Strawn*, the Court finds it inapposite. Unlike here, the *Strawn* court had before it undisputed evidence of the class size (58,800 members) and the amount claimed per class member ($2.99/month, plus minimum statutory damages of $200 per class member). *See Strawn,* 530 F.3d at 295. The amount in controversy in *Strawn* was thus not a matter of speculation.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this case to state court.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#17**
**JS-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2337 PSG (MANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Delores Lewis v. Verizon Communications, Inc. *et al.* | | |

**IT IS SO ORDERED.**